UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:21-CV-00101-REW-EBA

RAY SLONE, and
BARBARA SLONE,                                                                                          PLAINTIFFS,

V.                     **REPORT AND RECOMMENDATION**

QUEST ENERGY CORPORATION,
SAMUEL COAL COMPANY, INC.,
THOMAS M. SAUVE, and
MARK C. JENSEN,                                                                                          DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

## I. FACTS AND PROCEDURAL HISTORY

This matter is before the Court on the Plaintiffs' Motion to Remand to the Knott Circuit Court. [R. 8]. The factual and legal history of the action, as gleaned from the pleadings, is as follows:

Barbara Slone, and her husband Ray Slone, assert that they were the prior owners of Samuel Coal Company, Inc. [R. 1]. On August 27, 2012, Barbara Slone, acting as the President of Samuel Coal, signed and delivered a letter of intent to Mark Jensen, agreeing to sell and transfer the mineral rights and "other associated rights to extract all resources on approximately 390 acres of land from Samuel Coal Inc. . . . by [to] Chilton Domestic Energy LLC or its affiliates (the 'Purchaser' or 'Chilton')." [R. 1-1]. Then, on December 20, 2012, Samuel Coal, Barbara Slone, and Quest Energy Corporation, acting through its Manager Thomas Sauve, entered a "Contract For Acquisition of Samuel Coal Company, Inc.," by Quest. [R. 1-1]. The purchase agreement called for Quest to purchase " . . . Samuel Coal and all of its assets . . . from Samuel Coal for the

total Purchase Price of Seven Million Dollars ($7,000,000.00) . . ." [R. 1-1]. The Plaintiffs allege that some, but not all, payments were made in accordance with the terms of the contract. As a result, they filed an action in the Knott Circuit Court alleging breach of the Acquisition Contract and seeking damages as a result. [R. 1-1]. In that action, the Slones obtained a judgment awarding them "[p]artial judgment for the installment acquisition payments owed to date, which are for 2013 ($250,000.00), 2014 ($600,000.00), 2015 ($600,000.00), 2017 ($600,000.00), less royalty payments already made ($105,626.63) for a total judgment of $2,544.373.37)." [R. 1-1]. That judgment is now final.

In this action, the Slones maintain that Quest, now a related entity of Samuel Coal, is controlled by and through its directors, Sauve and Jenson, and has refused to satisfy the judgment from the Knott Circuit Court. [R. 1-1] They assert that the Defendants, Sauve and Jenson formed Quest in order to acquire Samuel Coal so that they might syphon off Quest/Samuel Coal's assets. They brought this action seeking to pierce Quest's corporate veil to enforce the Knott Circuit Court judgment against Quest, alleging that Samuel Coal is an alter-ego of Quest and that Sauve and Jensen are also jointly and severally liable for Quest's conduct. [R. 1-1 at pg. 2].

The Defendants removed the action to federal court, and Plaintiffs now move to remand the matter to state court. [R. 1 & 8]. The presiding judge referred the Motion to Remand to the undersigned for the purpose of preparing a recommended disposition. [R. 16]. The motion has been fully briefed and is ripe for review.

## II. LEGAL STANDARD

A defendant may remove a civil action to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A federal court may exercise original jurisdiction, more specifically diversity jurisdiction, when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" parties who are "citizens

of different states." 28 U.S.C. §1332(a)(1). Diversity jurisdiction requires complete diversity; that is, no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Generally, the removal statute permits "the defendant or the defendants" in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). In addition, the case may not be removed if any defendant is "a citizen of the State in which such action is brought." § 1446(c)(1).

### III. ANALYSIS

**A. Motion to Remand**

Plaintiffs argue that this matter should be remanded to state court because complete diversity does not exist between the Plaintiffs and the Defendants as both the Plaintiffs and the Defendant Samuel Coal are Kentucky citizens, and the Defendants fail to establish by clear and convincing evidence that Samuel Coal was fraudulently joined as a defendant to this action. [R. 8 at pg. 4].

The burden of proving proper federal jurisdiction is on the removing party. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Thus, if an action is removed to federal court on the basis of diversity, and the removing party cannot demonstrate complete diversity among the parties, remand is proper. *See Martin v. Walgreen Co.*, No. 7:19-CV-122-REW, 2020 U.S. Dist. LEXIS 34656, at *3 (E.D. Ky. Feb. 11, 2020). However, when a party removes a case involving non-diverse parties to federal court on diversity grounds, the removing party will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined. *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). The Sixth Circuit explained that "[f]raudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of

action." *Id.* (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)).

> There can be no fraudulent joinder unless it be clear that *there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law* . . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)) (emphasis added). Thus, the fraudulent joinder inquiry requires courts to determine whether there was "any reasonable basis for predicting that [the plaintiff] could prevail" in the state court and under state law. *Alexander*, 13 F.3d at 949 (quoting *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)).

The district court, when tasked with determining whether a non-diverse defendant has been fraudulently joined, may "pierce the pleadings" and "consider summary judgment-type evidence in the record." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (quoting *Travis v. Irby*, 326 F.3d 644, 648–649 (5th Cir. 2003)) (internal quotations omitted). Accordingly, "the Court is not limited to reviewing solely the complaint and notice of removal, for the very act of piercing the pleadings allows the Court to consider additional evidence, while resolving all unchallenged and contested factual allegations in the light most favorable to the plaintiff." *Hagyard-Davidson-Mcgee Assocs.*, PLLC v. Fed. Ins. Co., No. 5:20-cv-00171-JMH, 2021 U.S. Dist. LEXIS 171065, at *6–*7 (E.D. Ky. Sep. 9, 2021).

Defendants bear the burden of proving that Samuel Coal was fraudulently joined to this action for the sole purpose of destroying complete diversity. The relevant inquiry, then, is "whether Plaintiffs have a colorable claim under Kentucky law[.]" *Walker*, 443 F. App'x at 956. Thus, to determine whether there is a reasonable basis for the Plaintiffs to prevail, the Court will examine each count enumerated in the Complaint through the lens of Kentucky's pleading

standard. The Kentucky Rules of Civil Procedure provide, in relevant part,

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (a) a short and plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled. . . .

Ky. CR 8.01(1). Importantly, Kentucky is a notice pleading jurisdiction, meaning that "the central purpose of pleadings remains notice of claims and defenses." *Pete v. Anderson*, 413 S.W. 3d 291, 301 (Ky. 2013). The Kentucky Supreme Court further interprets Kentucky Civil Rule 8.01 to mean that a plaintiff need not "state a claim with technical precision" so long as "a complaint gives a defendant fair notice and identifies the claim." *Russell v. Johnson & Johnson, Inc.*, 610 S.W. 3d 233, 241 (Ky. 2020) (quoting *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W. 3d 840, 844 (2005)). To determine whether a claim was adequately pled, courts should not search the complaint for "a flaw [or] technicality upon which to strike down a claim or defense," like at common law. *Russell*, 610 S.W. 3d at 241 (quoting *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989)).

The Complaint contains five separate counts, four of which the Plaintiffs claim specifically impugn Samuel Coal: Counts II–V. The Defendants aver that none of the counts alleged by Plaintiffs adequately assert claims against Samuel Coal pursuant to Fed. R. Civ. P. 8(a)(2). *See e.g.*, [R. 12 at pg. 10]. However, Plaintiffs' Complaint need not demonstrate the claims would survive under the more stringent federal pleading standard, so long as it meets Kentucky's notice pleading standard. *Russell*, 610 S.W. 3d at 241

**1. Count II of Plaintiffs' Complaint – Piercing the Corporate Veil**

As to Count II, the Defendants conclusorily state that the Plaintiffs have not actually asserted a claim for piercing the corporate veil. [R. 12 at pg. 9]. In Kentucky, piercing the corporate veil is "an equitable doctrine invoked by the courts to allow a creditor recourse against the shareholders of a corporation." *Inter-Tel Techs., Inc., v. Linn Station Props., LLC*, 360 S.W.3d

152, 155 (Ky. 2012). The Kentucky Supreme Court explained,

> [W]hile the Kentucky General Assembly gave statutory recognition to the veil-piercing doctrine in Kentucky Revised Statute (KRS) 271B.6-220(2), it remains an equitable doctrine to be applied by the courts. . . . A Kentucky trial court may proceed under the traditional alter ego formulation or the instrumentality theory because the tests are essentially interchangeable. Each resolves to two dispositive elements: 1) domination of the corporation resulting in a loss of corporate separateness *and* (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice.

*Id.* at 165 (internal citations omitted).

Although the veil-piercing test which must be followed by trial courts has been thoroughly discussed by Kentucky's high court, the parties do not direct the Court to any Kentucky case which establishes a pleading standard for veil-piercing claims. However, the Kentucky Supreme Court found that a complaint did not adequately plead a veil-piercing claim when the plaintiff merely identified the procedural requirements for the dissolution of a corporation under Kentucky law. *Morgan v. O'Neil*, 652 S.W. 2d 83, 85 (Ky. 1983) ("No allegations appear in the complaint to state a claim on 'piercing the corporate veil.' Likewise, the complaint made no allegation of any statutory basis to impose personal liability upon [the non-corporate defendant], the sole shareholder in the corporation.").[1] In contrast, when an administrative agency sought to enforce a judgment against a private corporation and its sole shareholder and president, the court determined that the individual liability claim was adequately pled because it "provid[ed] notice of her statutory liability without further parroting or paraphrasing the language within the statute." *Natural Resources & Environmental Protection Cabinet v. Williams*, 768 S.W.2d 47, 51 (Ky. 1989).

Count II of the Complaint is adequately pled under Ky. CR 8.01. The heading of the

---

[1] In *Morgan v. O'Neil,* the plaintiffs' amended complaint merely alleged "that the Defendant Corporation was dissolved in derogation of Kentucky Statute KRS 271 A.460[.]" Kentucky Supreme Court declined to accept that the claim adequately pled a claim for piercing the corporate veil, stating "[t]here must be maintained some minimum standard in the art of pleading which must be met." *Morgan*, 652 S.W.2d at 85 (citing *Pike v. George*, 434 S.W.2d 626 (Ky. 1968); *Johnson v. Coleman*, 288 S.W.2d 348 (Ky. 1956)).

Complaint clearly puts "all Defendants" on notice that a claim is being asserted against them, and that the nature of the claim is to "pierce the corporate veil of Quest." [R. 1-1 at pg. 9]. By stating "all Defendants," the Plaintiffs certainly placed Samuel Coal—a named defendant—on notice that a claim was being asserted against it. Moreover, Paragraph 34 under the count further alleges, "[t]here was such a unity of ownership and interest among the Quest and Samuel Coal entities, including Shareholder Defendants and officers Sauve and M. Jensen, that their separateness ceased." [*Id.*]. Defendants complain that this paragraph is redundant, and that Plaintiffs do not demonstrate they are entitled to relief under Fed. R. Civ. P. 8(a)(2). [R. 12 at pg. 10].[2] Again, the Plaintiffs are not required under the Kentucky pleading standard to state the claim with "technical precision" so long as the complaint gave Samuel Coal "fair notice and identifies the claim." *Russell*, 610 S.W.3d at 241 (citing *Grand Erie Fraternal Order of Eagles*, 169 S.W.3d at 844). In light of the pleading standard, the Kentucky Supreme Court's interpretation of a corporate veil-piercing claim, and the Complaint, the Plaintiffs have pled a colorable claim for piercing the corporate veil under Kentucky law against Samuel Coal.

**2. Count III of Plaintiffs' Complaint – Civil Conspiracy**

Next, Defendants assert there is "no reasonable basis" for Plaintiffs to succeed in state court on a civil conspiracy claim against Samuel Coal. In Kentucky, civil conspiracy involves the

---

[2] Specifically, the Defendants contend that the Plaintiffs are actually asserting a "reverse veil piercing" claim, which has neither been adopted nor rejected by Kentucky courts, and therefore have not adequately pled the claim in Count II. [R. 12 at pg. 11 n.5] (citing *Spradlin v. Beads and Steeds Inns, LLC (In re Howland*, 516 B.R. 163, 166 (Bankr. E.D. Ky. 2014)). Indeed, in an unpublished Kentucky Court of Appeals opinion, the court declined to recognize a reverse-piercing theory without outright rejecting it as a cognizable claim under Kentucky law. *Rector v. Calvert*, No. 2013-CA-002057-MR, 2018 Ky. App. Unpub. LEXIS 372, at *5 (Ct. App. June 1, 2018). In doing so, the court characterized the reverse-piercing theory as a "significant *extension* of the concept of piercing the corporate veil," but one which seeks to achieve similar purposes. *Id.* (emphasis added). Thus, even if the Plaintiffs are, in fact, asserting a reverse veil piercing claim, this Court is not persuaded that Plaintiffs have failed to place Defendants on notice of the claim being asserted against them, as is required under the Kentucky pleading standard.

"corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." *James v. Wilson*, 95 S.W.3d 875, 897 (Ky. Ct. App. 2002) (quoting *Smith v. Board of Education of Ludlow*, 94 S.W.3d 321 (1936)). Again, the parties identify no case which establishes a pleading standard for civil conspiracy claims.[3] One court, however, dismissed a civil conspiracy claim when the plaintiff failed to allege that "two or more persons engaged in an overt act necessary to prove conspiracy." *Brewster v. Nicholson*, No. 2017-CA-001406-MR, 2019 Ky. App. Unpub. LEXIS 778, at *7 (Ct. App. Nov. 1, 2019) (citing *James v. Wilson*, 95 S.W.3d 875 (Ky. Ct. App. 2002)).

Instructive, however, is what Kentucky courts require for a plaintiff to succeed on the merits of their civil conspiracy claim: "[I]n order to prevail on a claim of civil conspiracy, the proponent must show an unlawful/corrupt combination or agreement between the alleged conspirators to do by some concerted action an unlawful act." *Id.* (citing *Montgomery v. Milam*, 910 S.W.2d 237 (Ky. 1995), *overruled on other grounds by Ballard v. 1400 Willow Council of Co-Owners, Inc.*, 430 S.W.3d 229, 236 (Ky. 2013)). Here, Count III of the Complaint alleges in Paragraphs 39 and 40:

> Defendants, jointly and severally, communicated about and agreed upon a common plan and scheme to carry out certain [sic] of the wrongful and illegal acts described herein, including but not limited to defeat and take the property and assets of the Slones, and took multiple overt actions in furtherance of the said common plan and scheme.
>
> As a result of such civil conspiracy and material assistance, Defendants are jointly and severally liable for acts, conduct, and omissions of the other with respect to said wrongful and illegal acts and for all damages and losses thereby sustained by

---

[3] In their Response to Plaintiffs' Motion to Remand, Defendants state that, "[U]nder Kentucky law, a defendant 'must be informed of the nature of the conspiracy alleged; [i]t is not enough to simply aver in the complaint that a theory existed.' *Marshall v. Richardson Props.*, No. 3:09-CV-379-H, 2010 U.S. Dist. LEXIS 20423, at *2 (W.D. Ky. Mar. 8, 2010)." The Court notes that the authority supporting the Defendants' proposition is not only a federal case following the federal pleading standard, but it is an interpretation of the federal pleading standard arising from the 11th Circuit, and thus is solely persuasive authority.

the Slones. [R. 1-1 at pg. 9–10]. Defendants assert that the above paragraphs, along with other allegations, are insufficient to allege conspiracy because the Complaint "point[s] to just three wrongful acts by Quest, Sauve and/or M. Jensen, and none by Samuel Coal." [R. 12 at pg. 12]. Indeed, the Complaint does not identify communications or evidence which implicates Samuel Coal in a conspiracy.[4] However, the Plaintiffs have given "all Defendants," including Samuel Coal, "fair notice" of the "essential nature" of the claim, which is civil conspiracy. *Cincinnati, Newport & Covington Transp. Co. v. Fischer*, 357 S.W.2d 870, 872 (Ky. 1962).

Although to prevail on their civil conspiracy claim Plaintiffs will have to prove the existence of an agreement and concerted act, the relevant inquiry when examining the viability of the claim under Ky. CR. 8.01 is whether the Plaintiffs have adequately *pled* a civil conspiracy claim. It is evident that Plaintiffs have done so by identifying the alleged co-conspirators ("all Defendants"), alleging the existence of an agreement, and that the agreement was to carry out certain wrongful and illegal acts. *See* [R. 1-1 at pg. 9–10]. This is adequate under the Kentucky pleading standard, as "[t]he purpose of CR 8.01 is to give notice and formulate issues without the requirement of detail." *Rose v. Ackerson*, 374 S.W.3d 339, 343 (Ky. App. 2012).

In Response, the Defendants further argue that Count III would fail because the statute of limitations for a civil conspiracy claim in Kentucky is one year, and acts underlying Plaintiffs' civil conspiracy claim occurred nearly a decade ago. [R. 12 at pg. 14]. Indeed, the civil conspiracy

---

[4] Defendants appear to insinuate that Plaintiffs claim that an August 23, 2012 email, [R. 1-1 at pg. 4 ¶ 11], from Jensen is evidence of the alleged conspiracy. Apart from restating and reiterating prior allegations, [R. 1-1 at pg. 9 ¶ 33], it is unclear that the Plaintiffs assert that August 23, 2012 email is Plaintiffs' basis for the existence of the conspiracy.

claim asserted in Count III does have a statute of limitations of one year.[5] *Burnett v. Transit Auth. of Lexington-Fayette Urban Cty. Gov't*, 981 F. Supp. 2d 630, 634 (E.D. Ky. 2013) (citing K.R.S. § 413.140(1)(c); *Montgomery v. Milam*, 910 S.W.2d 237, 239, 42 12 Ky. L. Summary 39 (Ky. 1995) (declaring that the statute of limitations for conspiracy is one year)).

It is well-established that a party's assertion that a statute of limitation is a bar to recovery is an affirmative defense. *Underwood v. Underwood*, 999 S.W.2d 716, 720 (Ky. Ct. App. 1999). However, in the context of fraudulent joinder, neither this Court nor the Sixth Circuit have held whether a removing party may establish that a non-diverse party was fraudulently joined "by raising the affirmative defense of an expired statute of limitations[.]" *Wolford v. Bayer Corp.*, No. 7:16-227-KKC-HAI, 2017 U.S. Dist. LEXIS 194308, at *15 (E.D. Ky. Nov. 27, 2017). This Court need not determine whether fraudulent joinder can be established via affirmative defense, however, as Defendants have not carried their burden to prove that the civil conspiracy claim is time-barred. In Kentucky, "the cause of action shall be deemed to accrue at the time the injury is first discovered or in the exercise of reasonable care should have been discovered[.]" K.R.S. § 413.140(2). Instead, Defendants conclusorily state that the alleged acts of conspiracy occurred nearly ten years ago, without assessing or arguing the elements provided under K.R.S. § 413.140(2). Defendants, therefore, have not carried their burden to prove the affirmative defense.

### 3. Count IV of Plaintiffs' Complaint – Fraud

Next, Defendants argue that Count IV does not provide a reasonable basis upon which Plaintiffs could expect to succeed on their fraud claim against Samuel Coal. [R. 12 at pg. 15]. Defendants' main complaint appears to be that Count IV's heading does not inform the Defendants

---

[5] In their Reply, Plaintiffs state that their civil conspiracy claim not time-barred due to the applicability of other Kentucky statutes. [R. 15 at pg. 5] (citing K.R.S. §§ 413.120(3), K.R.S. 413.190).

whom the count is against. [*Id.*]. As previously stated, Kentucky's pleading standard does not rise and fall on the complaint's "technical precision" so long as it "gives a defendant fair notice and identifies the claim." *Russell*, 610 S.W. 3d at 241 (quoting *Grand Aerie Fraternal Order of Eagles*, 169 S.W. 3d at 844). Defendants explicitly aver that "[t]here is not a single allegation contained in the Complaint that Samuel Coal made any false representations of material fact to the Plaintiffs[.]" While Paragraphs 42–45 solely refer to Jensen and Sauve, jointly and severally; and "Shareholder Defendants" (Jensen and Sauve), jointly and severally; Plaintiffs specifically allege,

> The acts and omissions of *Defendants*, jointly and severally, as set forth herein, and/or as may be established by the evidence, constitute false pretenses, false and fraudulent misrepresentations of material facts, fraud, fraud in the inducement, and/or fraudulent concealment.

[R. 1-1 at pg. 11 ¶ 46] (emphasis added). As Samuel Coal is a named defendant, the Complaint adequately placed it on notice that a fraud claim was being raised against it. This is all that Plaintiff is required to do under Kentucky's lenient pleading standard.

**4. Count V of Plaintiffs' Complaint – Punitive Damages**

In the Complaint, Plaintiffs invoke K.R.S. §§ 411.184, 411.186 and allege that all Defendants should be liable for the deceitful, oppressive, malicious, fraudulent and/or grossly negligent acts they committed. [R. 1-1 at pg. 11–12]. "A plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice." K.R.S. § 411.184(2). Defendants assert that the Plaintiffs have provided no reasonable basis for which their punitive damages claim could succeed under state law against Samuel Coal.

At the outset, Defendants argue that neither Count I nor Count II provide a basis to recover punitive damages under Kentucky law. Of these two claims for declaratory judgment, only Count II pertains to Samuel Coal. Count II is a veil piercing claim which seeks declaratory judgment to enforce the state court Judgment against Defendants Sauve, Jensen, and Samuel Coal. [R. 1-1].

The underlying Judgment was a breach of contract claim against Quest.  Punitive damages may not be awarded for mere breach of contract.  K.R.S. § 411.184(4).  However, if the breach of contract included separately tortious conduct, punitive damages may be awarded.  *Faulkner Drilling Co. v. Gross*, 943 S.W.2d 634, 638–39 (Ky. Ct. App. 1997).  Thus, while Plaintiffs may not obtain punitive damages if they are successful on Count II, the nature of the underlying claim (breach of contract) is not an absolute bar against recovery of punitive damages because the Plaintiffs allege other tortious conduct by Defendants in the Complaint.

As to Count III, the Defendants concede that the civil conspiracy claim lodged by the Plaintiffs is a "conceivable avenue" to obtain a punitive damages award, but aver that the claim itself "is a figment of the Plaintiffs' imagination."  [R. 12 at pg. 17].  Further, Defendants perfunctorily state that the Plaintiffs "could [not] possibly succeed under state law" on their punitive damages claim under a civil conspiracy theory.  At this juncture, Plaintiffs need only adequately plead a punitive damages claim.  As a punitive damage award for civil conspiracy is conceivable, and Plaintiffs have also adequately plead their claim under Count III, they have adequately pled punitive damages claim with respect to their theory of civil conspiracy.

As to Count IV of the Complaint, Defendants argue that the Plaintiffs have failed to allege that Samuel Coal "made any false statements of material fact upon which they relied to their detriment" or committed "a fraud by omission[.]"  [R. 12 at pg. 17].  However, Plaintiffs do allege fraud specifically against Samuel Coal in Paragraph 46 of the Complaint, when they allege that "[t]he acts and omissions of *Defendants*, jointly and severally, as set forth herein, and/or as may be established by the evidence, constitute false pretenses, false and fraudulent misrepresentations of material facts, fraud, fraud in the inducement, and/or fraudulent concealment."  [R. 1-1 at pg. 11] (emphasis added).  As previously stated, Samuel Coal is a named defendant, and therefore the Plaintiffs have adequately pled a fraud claim, meaning that they have also adequately pled a claim

for punitive damages under K.R.S. § 411.184.

For all the reasons stated above, Counts II–V adequately plead colorable claims against Samuel Coal under Kentucky's notice pleading standard. Thus, Defendant has failed to prove Samuel Coal was fraudulently joined to this action for the sole purpose of destroying diversity jurisdiction. As Samuel Coal, a proper party, is a citizen of the Commonwealth of Kentucky, the parties are not completely diverse and this Court therefore lacks jurisdiction. Accordingly, remand to Knott Circuit Court is not only proper, but required.

**B. Attorneys' Fees Under 28 U.S.C. § 1447**

Plaintiffs also move for attorneys' fees pursuant to 28 U.S.C. § 1447, which provides in relevant part, "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c).

The decision to award or to deny attorney fees is squarely within the district court's discretion. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). "A threshold determination of bad faith, improper purpose, or vexatious or wanton conduct [is] not necessary." *Morris*, 985 F.2d at 240; *see Bucary v. Rothrock*, 883 F.2d 447 (6th Cir. 1989) (district court may award costs without evidence that removal was frivolous or in bad faith). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005). In cases where removal was not objectively reasonable, the Supreme Court has instructed district courts to consider whether removal was a "method for delaying litigation and imposing costs on the plaintiff." *Id.* at 140.

This Court, however, is not required to award attorney fees even when removal is found to be improper. *Ahearn v. Charter Twp. of Bloomfield*, 1998 U.S. App. LEXIS 13445, at *2 n.2 (6th Cir. June 18, 1998), *abrogated on other grounds by Warthman v. Genoa Twp. Bd. Of Trs.*, 549

F.3d 1055 (6th Cir. 2008). An award of attorney fees is inappropriate "where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove." *Id.* (internal citations omitted). Furthermore, the district court may also decline to award attorneys' fees in a given case where unusual circumstances arise. *Warthman*, 549 F.3d at 1060 (citing *Martin*, 546 U.S. at 141) ("For example, a court might find that 'a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction' undermines the rationale that supports fee awards."). Conversely, "a court abuses its discretion by refusing to award fees where the defendant's argument for removal was devoid of even fair support." *Ahearn*, 1998 U.S. App. LEXIS 13445, at *2 n.2. "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin*, 546 U.S. at 141.

Defendants argue that they should not have to pay costs, expenses, or attorney fees incurred as a result of the removal. [R. 12 at pg. 19]. Beyond arguing that removal was proper, they state that Plaintiffs' Complaint is wholly inadequate because it "lacks the required 'factual content' necessary 'to raise the plausible inference of [any] wrongdoing' by Samuel Coal," as is required by Fed. R. Civ. P. 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502 (6th Cir. 2013). Consequently, they argue that the Motion to Remand is "baseless" and contravenes Federal Rule of Civil Procedure 11(b)(2), which provides that, by presenting a motion, an attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument[.]" Fed. R. Civ. P. 11(b)(2).

Again, Defendants' Response to the Motion to Remand is replete with citations to Fed. R. Civ. P. 8(a) and other federal authorities. As stated repeatedly throughout this opinion, the Plaintiffs' Complaint need only satisfy Kentucky's notice pleading standard. Under this standard,

"[i]t is immaterial whether the complaint states 'conclusions' or 'facts' as long as fair notice is given." *Holly Creek Prod. Corp. v. Banks*, No. 2008-CA-001851-MR, 2009 Ky. App. LEXIS 180, at *8 (Ct. App. Sep. 25, 2009) (quoting *Pierson Trapp Co. v. Peak*, 340 S.W.2d 456, 460 (Ky. 1960)). To that end, the Defendants allegations of a "glaring" Rule 11 violation are meritless.

Here, awarding Plaintiffs attorneys' fees is appropriate. Defendants' Notice of Removal [R. 1] and Response to Plaintiffs' Motion to Remand [R. 12] demonstrate that the Defendants' fraudulent joinder arguments turned entirely on whether Plaintiffs' Complaint complied with the pleading standard set forth by Fed. R. Civ. P. 8(a). It is well-established that Kentucky is a notice pleading jurisdiction, and proper joinder of Samuel Coal as a defendant in the state court action only required Plaintiffs to identify Samuel Coal and articulate the claim with enough specificity so that Samuel Coal may be on fair notice of the claims lodged against it. While they vigorously contend the Complaint runs afoul of Fed. R. Civ. P. 8 and Supreme Court precedent interpreting the federal pleading standard, Defendants have not made any arguments that the Complaint was deficient under the Kentucky pleading standard. In this Court's view, removal based on Defendants' fraudulent joinder argument is neither fairly supportable nor objectively reasonable. Thus, the undersigned recommends awarding attorneys' fees and costs associated with briefing the issues raised in the Plaintiffs' Motion to Remand, consistent with 28 U.S.C. § 1447(c).

## IV. RECOMMENDATION

Having fully considered the matter, and the Court being otherwise sufficiently advised,

**IT IS RECOMMENDED** that:

(1) Plaintiffs' Motion to Remand [R. 8] be **GRANTED** and

(2) Plaintiffs' motion for attorneys' fees pursuant to 28 U.S.C. § 1447(c) be **GRANTED**.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed May 4, 2022.



Signed By:
*Edward B. Atkins*   EBA
United States Magistrate Judge