UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| RAY SLONE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 7:21-CV-101-REW-EBA |
| v. ) | |
| ) | OPINION & ORDER |
| QUEST ENERGY CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After Defendants removed this case from Knott Circuit Court, *see* DE 1 (Notice of Removal), Plaintiffs Ray and Barbara Slone (the Slones) moved to remand the case and for an order awarding attorney fees. *See* DE 8 (Motion to Remand). Defendants opposed the motion, *see* DE 12 (Response), and the Slones replied, *see* DE 15 (Reply). The Court referred the remand matter to United States Magistrate Judge Edward B. Atkins for review and preparation of a Recommended Disposition. *See* DE 16 (Referral Order).

Magistrate Judge Atkins recommended remanding the case to Knott Circuit Court because, given the absence of complete diversity, the Court lacks jurisdiction. *See* DE 17 at 12-13 (Recommended Disposition). Judge Atkins also recommended the Court award attorney fees under § 1447(c). *See id.* at 13-15. Defendants objected, for the most part regurgitating large swaths of their original Response brief. *Compare* DE 12 (Response) *with* DE 18 (Objections). The Court ordered the Slones to respond to the objections. *See* DE 19 (Order to Respond). They complied, encouraging the Court to adopt the Recommended Disposition, as is. *See* DE 20 (Response to Objections).

The case generally involves the Slones' efforts to collect against Quest under a contract. Quest bought Samuel Coal from the Slones and later defaulted. Quest operated under the control of individual defendants Sauve and Jensen, who post-acquisition also acted as directors and officers of Samuel Coal. The core of the federal Complaint is that Sauve and Jensen operated the entities in an integrated and undifferentiated manner that justifies disregarding Quest's corporate form. Plaintiffs claim, *e.g.,* that Sauve and Jensen obligated Quest on insider loans secured in part by Samuel Coal's assets, thus putting out of reach assets of Quest that should have been available to fulfill the purchase agreement (or collection) obligations. The Complaint details these matters. *See*, *e.g.*, DE 1-1 ¶¶ 1, 4, 6, 14, 19, 27(a)-(h), 31 & 34.

The Court—treating the remand recommendation as dispositive—now reviews the objected-to matters de novo. *See Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (holding that "remand motions are dispositive and, as such, can only be entered by district courts"). In so reviewing, the Court finds that Defendants have not met their burden of showing fraudulent joinder and, accordingly, **GRANTS** in part the DE 8 Motion to Remand. However, removal was not so objectively unreasonable as to warrant a fee award; therefore, the Court also **DENIES** the attorney fee component.

## II. Legal Standards

Defendants, the removing group, bear the burden of establishing federal jurisdiction. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948–49 (6th Cir. 1994). The Court construes the removal statute strictly and resolves doubtful facts against the exercise of jurisdiction. *See Huff v. AGCO Corp.*, 5:18-cv-00469-GFVT, 2019 WL 1177970, at *2 (E.D. Ky. 2019) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544,

549 (6th Cir. 2006), and *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990)).

Defendants removed claiming diversity jurisdiction. *See* DE 1. Such jurisdiction requires complete diversity between the parties; no defendant may share citizenship with any plaintiff. *See* 28 U.S.C. § 1332(a)(1); *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) ("Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state."). Defendants concede that the Slones and Samuel Coal share citizenship in Kentucky. *See* DE 1. However, Defendants urge the Court to disregard Samuel Coal's citizenship, depicting Samuel as a fraudulently joined party. *See id.*

In relying on fraudulent joinder, Defendants face a heavy burden. *See Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011). Fraudulent joinder hinges upon whether the plaintiff pleaded a "colorable cause of action" against the non-diverse defendant. *Jerome-Duncan, Inc.*, 176 F.3d at 907. "Asked another way, the question is 'whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). If the claims "ha[ve] even a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)).

The Court may "pierce the pleadings" and "consider summary-judgment-type evidence (such as depositions, affidavits, etc.)[.]" *Walker*, 443 F. App'x at 954. However, when considering such evidence, the standard of review remains fixed; "akin to that of a

3

Rule 12(b)(6) motion to dismiss," *id.*, and the Court must construe any contested issues of fact and ambiguities in the controlling state law in the plaintiff's favor, *see Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The Court does not weigh the merits and apply a summary judgment rubric. *Walker*, 443 F. App'x at 954. Rather, piercing the pleadings only allows scrutiny for "the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 953. Again, *state law* provides the pleading and substantive reference point as the Court queries for a glimmer of hope on the matters pleaded. *Snell v. State Auto Prop. & Cas. Ins. Co.*, No. 6:21-CV-22-REW, 2021 WL 1292509, at *2 (E.D. Ky. Apr. 7, 2021).

### III. Discussion

Defendants lodge two broad objections. *See* DE 18 at 1-2. First, Defendants argue that Magistrate Judge Atkins "erred in finding that Counts II-V of the Complaint alleged colorable claims under Kentucky law against Samuel Coal under Kentucky's notice pleading standard[.]" *See id.* Second, Defendants argue Judge Atkins erred by awarding attorney fees under 28 U.S.C § 1447(c). *See id.* at 1-2. The Court addresses each in turn, applying *de novo* review and reserving the power to accept, reject, or modify the DE 17 Recommended Disposition accordingly. *See* Fed. R. Civ. P. 72(b)(3).

### *1. Colorable State Claims*

The Court must determine if the Slones pleaded colorable claims against Samuel Coal—and, correspondingly, whether Defendants adequately proved fraudulent joinder of Samuel Coal. *See Jerome-Duncan, Inc.*, 176 F.3d at 907. The Court applies the pleading standard of the state that would have jurisdiction. *See Walker*, 443 F. App'x at 956. Kentucky is a "notice pleading" jurisdiction, under which a claim is validly pleaded so

4

long as it provides the defendants "fair notice and identifies the claim." *Grand Aerie Fraternal Ord. of Eagles v. Carneyhan*, 169 S.W. 3d 840, 844 (Ky. 2005). "It is not necessary to state a claim with technical precision[.]" *Id.* Rather, a complaint "should be liberally construed" to determine whether it states a cause of action. *Morgan v. O'Neil*, 652 S.W.2d 83, 85 (Ky. 1983). A complaint "couched in general and conclusory terms" validly states a claim so long as it complies with "Kentucky's requirement of bare-bones, notice pleading." *Russell v. Johnson & Johnson, Inc.*, 610 S.W.3d 233, 241 (Ky. 2020). Thus, "a complaint will not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim." *Pierson Trapp Co. v. Peak*, 340 S.W. 2d 456, 460 (Ky. 1960). The Court applies this standard to each Count.

### a. Count II – Piercing the Corporate Veil

First, Count II seeks a "Declaratory Judgment Against All Defendants to Pierce the Corporate Veil of Quest." *See* DE 1-1 at 9. A Kentucky veil-piercing claim requires the plaintiff to prove two elements: "(1) domination of the corporation resulting in a loss of corporate separateness *and* (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice." *Inter-Tel Technologies, Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 165 (Ky. 2012) (emphasis in original). Plaintiffs pleading both elements would provide Samuel Coal with the requisite fair notice while identifying the claim. *Cf. Natural Res. and Env't. Prot. Cabinet v. Williams*, 768 S.W.2d 47, 51 (Ky. 1989) ("All that our procedure presently requires is that the Complaint set out facts or conclusions . . . sufficiently to identify the basis of the claim.") (cleaned up).

Here, the Slones adequately pleaded the first element—that "[t]here was such a unity of ownership and interest among Quest and Samuel Coal entities, including Shareholder Defendants and officers Sauve and M. Jensen, that their separateness ceased." *See id.* at ¶ 34. Second, the Slones pleaded, "[c]ontinued recognition of Quest as a separate entity would sanction fraud or promote injustice." *See id.* at ¶ 36. These allegations mirror the elements required to pierce the corporate veil in Kentucky. Factual allegations animate the conclusions sufficient to strut a colorable veil-piercing claim. *See, e.g., id.* at ¶¶ 27(a)-(h) (alleging, among other things, that Samuel Coal and Quest were alter egos or that Quest was a facade, that Quest borrowed millions of dollars of presently outstanding debt, liabilities to insiders secured by assets of Samuel Coal, *id.* at ¶¶ 14-17, 19, which effectively emptied Quest of available assets). These allegations meet Ky. R. Civ. P. 8.01(1), supplying fair notice to Samuel Coal of the nature of the corporate-veil-piercing claim. *See Russell*, 610 S.W.3d at 241. Of course, Plaintiffs also detail elements of corporate governance and operational identity; the Slones also append various substantiating agreements.

Defendants have not undermined the Slones' effective pleading. Defendants claim the Complaint does not list Samuel Coal as a shareholder, and therefore even if the Slones pierced Quest's corporate veil, Samuel Coal would not be liable. *See* DE 18 at 7. The Slones allege thorough and undifferentiated control by the owners/officers and various acts that may, if proven, allow an equitable application of the judgment beyond Quest and to its owners and/or controlled affiliate Samuel. Indeed, the security agreement (pre-deal, no less) augurs the kind of manipulation and prioritization about which the Slones complain. *See* DE 1-1, Exhibit 6. Notably, the later loans also carried, as security,

6

"all other assets held by Samuel Coal Company." DE 1-1, at 44 § 1.3. The Slones' theories have legal and factual footings.

Defendants also allege in a footnote that the Plaintiffs did not marshal any of the eleven factors used to assess the first element of the corporate veil-piercing claim. *See* DE 18 at 8 n.7. *See also Inter-Tel*, 360 S.W.3d at 163-64 (stating the eleven-factor test). But Plaintiffs *do* allege multiple apt factors in the facts of the Complaint—including common directors or officers, *see* DE 1-1 at ¶ 27(a), grossly inadequate capitalization, *see id.* at ¶¶ 27(b), 27(g), and ownership of the subsidiary, *see id.* at ¶¶ 27(c), 27(d). A Kentucky complaint hinges on notice, not granular elemental elaboration. Defendants' argument is without merit. Defendants did not meet their burden to prove Count II is not colorable; the Complaint states a recognized theory and enough facts to show a glimmer of hope on that theory. Accordingly, the Court **OVERRULES** Defendants' first objection as it relates to Count II.

### b. Count III – Civil Conspiracy

The Slones also pleaded a colorable civil conspiracy claim in Count III. A Kentucky civil conspiracy claim requires proving "a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." *Peoples Bank of N. Ky., Inc. v. Crowe Chizek & Co.*, 277 S.W.3d 255, 261 (Ky. App. 2008). The Slones' Complaint alleges the "Defendants"—including Samuel Coal— "jointly and severally communicated about and agreed upon a common plan and scheme to carry out certain of the wrongful and illegal acts described herein[.]" DE 1-1 at ¶¶ 39. Count III also incorporates facts describing how Defendants—again, including Samuel Coal—misled the Slones, *see id.* at ¶ 27(h),

controlled Quest's management to make self-interested decisions insulating them from Quest's liabilities, *see id.* at ¶ 27(e), and made friendly, insider deals to siphon assets, *see id.* at ¶ 18. These facts combine with the legal bases in Count III to adequately place Samuel Coal on notice of the Slones' civil conspiracy claim. Importantly, though the Slones owned Samuel Coal pre-transaction, the purchase was an outright sale. As such, after the closing, Quest owned Samuel Coal. Thus, with the named individuals pulling the strings on the asset collateralization and leveraging as to both entities, it is quite proper, at this stage, for Samuel Coal to be named as a party for purposes of the conspiracy claim.

Defendants attack the merits of the civil conspiracy theory against Samuel Coal with strawman arguments minimizing the Complaint's civil conspiracy claim to select factual allegations, *see* DE 18 at 9-11. Defendants overlook the fulsome pleading and their burden. As previously discussed, the pleadings and undisputed facts must conclusively show a claim without life, in the fraudulent joinder rubric. *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *Walker*, 443 F. App'x at 954-56. The Complaint alleges a role and function for Samuel Coal, as the repository of valued assets but also as the instrumentality wielded by the individuals through domination of both Quest and Samuel, that effectively screened Quest from its outside liabilities. Samuel participated, either through recorded acts of its leadership or through the full control by that leadership in manipulating Samuel's assets. Either way, Samuel properly sits at the table for claim analysis. Whether discovery establishes liability is not the test; Kentucky would endorse the theory of recovery, inclusive of Samuel Coal, on the presented facts. The Court **OVERRULES** the first objection as it relates to Claim III.

Given that the Court has found colorable claims on two presented Counts, the Court elects against further substantive analysis. There are claims of potential validity against Samuel Coal. As such, joinder was not fraudulent, and the Court lacks diversity jurisdiction. The Court must **REMAND**.

### *2. 28 U.S.C § 1447(c) Attorney Fees*

Next, Defendants object to the award of attorney fees under 28 U.S.C. § 1447(c). *See* DE 18 at 15-16. "An order remanding the case may require payment of . . . attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Fee awards are inappropriate unless the removing party lacked an objectively reasonable basis for seeking removal." *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (cleaned up); *see also Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 707 (2005). "A threshold determination of bad faith, improper purpose, or vexatious or wanton conduct [is] not necessary." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). "[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure from the objectively-reasonable-basis rule." *Martin*, 126 S. Ct. at 711.

The Court will not award attorney fees. To be sure, the Kentucky notice pleading standard is well documented. *See, e.g.*, *Carneyhan*, 169 S.W. at 844. However, removing this Complaint was not so objectively unreasonable as to warrant discretionary fee shifting. As Defendants point out, the exact scope of Kentucky piercing law has some lack of definition, and Plaintiffs' Complaint had its vulnerable areas of vagueness and imprecision. Defendants rationally tested the forum in this circumstance.

Although the Court finds remand required, it was reasonable for Defendants to try the Complaint against the fraudulent joinder standard, given the case sequence, the

9

financial and agreement chronologies, the transactional content, and the particulars, or lack of particulars, in the pleading. *See Martin*, 126 S. Ct. at 711; *see also Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 932 (E.D. Ky. 2013) (remanding back to state court but refusing to award attorney's fees). In its discretion, the Court finds a fee award unjustified. Therefore, the Court **SUSTAINS** Defendants' second objection and does not award attorney fees under 28 U.S.C. § 1447(c).

### IV. Conclusion

The Slones adequately pleaded Counts II and III, inclusive of a non-diverse defendant, under Kentucky law—each independently warranting remand to Knott Circuit Court due to lack of complete diversity. Accordingly, the Court **ADOPTS IN PART** the DE 17 Recommended Disposition consistent with this Opinion and Order and **REMANDS** this case back to Knott Circuit Court.

This the 6th day of September, 2022.

Signed By:
*Robert E. Wier*
United States District Judge